IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

COREY T. BAILEY,

    Petitioner,

v.                                          Case No. 1:19-cv-00044

WARDEN, FCI McDowell,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 2) and this civil action for lack of jurisdiction.

**BACKGROUND AND PETITIONER'S CLAIM**

**A.**    **Relevant procedural history in Petitioner's criminal case.**

On November 5, 2009, Petitioner plead guilty in the United States District Court for the District of South Carolina to one count of distribution and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 3s), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 6s), as set forth in a

superseding indictment.  *United States v. Bailey*, No. 0:09-cr-00709-CMC-1, ECF No. 20, 34, and 36.  The United States had previously filed an information under 21 U.S.C. § 851 identifying Petitioner's prior convictions in order to seek an enhanced penalty for his controlled substance offense.  *Id.*, ECF No. 15.  In particular, Petitioner had previously been convicted of possession with intent to distribute marijuana and unlawfully carrying a weapon.  *Id.*  Petitioner also had four prior convictions for possession of 28 grams or less of marijuana.  *Id.*  Petitioner's prior drug conviction increased his sentencing exposure on Count 3s from 10 years to life to 20 years to life.  *See* 21 U.S.C. §§ 841(b)(1)(A), 851.  On February 2, 2010, Petitioner was sentenced to a total of 300 months in prison (consisting of 240 months on Count 3s and a consecutive 60 months on Count 6s), followed by a 10-year term of supervised release.  His judgment was entered on February 5, 2010.  *Id.*, ECF No. 44.  On December 8, 2010, Petitioner filed a notice of appeal.  *Id.*, ECF No. 47.

On February 4, 2011, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 asserting that his counsel failed to file a direct appeal on his behalf.  *Id.*, ECF No. 52.  Petitioner's § 2255 motion was denied and dismissed with prejudice by the sentencing court on May 11, 2011.  *Id.*, ECF Nos. 74, 75.  On May 25, 2011, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's direct appeal as untimely.  *Id.*, ECF No. 79.  However, on June 6, 2019, Petitioner's motion for reduction of sentence under 18 U.S.C. § 3582(c) was granted and his sentence on Count 3s was reduced to 120 months in prison, making his total term of imprisonment 180 months.  An amended judgment was entered the same day.  *Id.*, ECF No. 106.

**B.     The instant § 2241 petition.**

On January 14, 2019, prior to the reduction of his sentence, Petitioner filed the instant § 2241 petition (ECF No. 2) and a memorandum in support thereof (ECF No. 3) challenging his § 851 sentencing enhancement under the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). (ECF No. 3 at 10-21). Specifically, Petitioner contends that his prior Georgia conviction, under O.G.C.A. § 16-13-30, for possession with intent to distribute a controlled substance does not qualify as a "felony drug offense" for the purpose of the § 851 enhancement because the statutory elements thereof are broader than the federal definition of a "felony drug offense."[1] (*Id.* at 16-18). Petitioner also contends that, pursuant to an August 2013 memorandum to United States Attorneys from former United States Attorney General Eric Holder, the government would likely not seek a § 851 enhancement if he were sentenced today. (*Id.* at 21-24). Petitioner seeks resentencing without the § 851 enhancement and attempts to use the savings clause contained in 28 U.S.C. § 2255(e) to raise his claim for relief in a petition brought under 28 U.S.C. § 2241.

## ANALYSIS

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in his sentencing court which, in this case, is the United States District Court for the District of

---

1  A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44).

South Carolina. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner previously filed an unsuccessful § 2255 motion in his sentencing court, standing alone, will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to

4

determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing that controls the substantive determinations. Here, Petitioner was convicted within the Fourth Circuit; thus, Fourth Circuit substantive and procedural law controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") As further addressed below, Petitioner cannot meet the *Wheeler* criteria for several reasons.

Petitioner suggests that the decisions in *Descamps* and *Mathis*[2] represent a change in substantive law and that § 2255 is inadequate or ineffective to test the legality of his detention thereunder and, thus, he should be able to use the savings clause to bring his sentencing challenge under § 2241. Based upon these decisions, Petitioner contends that the Georgia statute under which he was previously convicted is "divisible" and

---

2 In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Supreme Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.

contains elements that are broader than the "felony drug offense" definition contained in 21 U.S.C. § 802(44) that is applicable to determine whether a § 851 enhancement is warranted. However, Petitioner cannot meet the savings clause criteria to have the merits of his claim addressed by this court.

Neither the Supreme Court nor the Fourth Circuit have declared *Descamps* or *Mathis* to be new substantive rules of law that are retroactively applicable on collateral review. The Fourth Circuit has specifically found that

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements.

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); s*ee also Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D.W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review." *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review). In fact, in *United States v. Hemingway*, 734 F.3d 323, 329 (4th Cir. 2013), the Court recognized that *Descamps* "underscored the validity of the divisibility analysis that our Court had already employed." *See also Kane v. United States*, No. 1:19-cv-238-MR, 2020 WL

1848062, *3 (W.D.N.C. Apr. 13, 2020) (dismissing § 2241 petition based upon *Descamps* and *Mathis* finding that such decisions do not represent a substantive change in law). Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon these decisions. *See, e.g., Wilson v. Warden, USP Lee,* No. 7:20-cv-00216, 2020 WL 5015949, at *2 (W.D. Va. Aug. 25, 2020), *aff'd*, 832 F. App'x 195 (4th Cir. 2020) (affirming dismissal for lack of jurisdiction of petition challenging § 851 enhancement because Petitioner could not satisfy the *Wheeler* requirements); *Cook v. Warden, USP Lee County*, No. 7:18-cv-00311, 2019 WL 6221300, *3 (W.D. Va. Nov. 21, 2019) (finding that court lacked jurisdiction over petition challenging § 851 enhancement based upon *Descamps* and *Mathis* because Petitioner could not meet second prong of *Wheeler*). Moreover, former Attorney General Holder's memorandum did not establish new law or create new rights in this circuit. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

October 8, 2021

Dwane L. Tinsley
United States Magistrate Judge